IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:01-cr-39 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| RICHARD ALLEN ALLEN, | * | ORDER |
| | * | |
| Defendant. | * | |

    Before the Court is a pro se motion for reduction of Richard Allen's ("Defendant") term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), filed on January 28, 2014. Clerk's No. 195. Defendant filed an addendum to the Motion on March 13, 2014. Clerk's No. 196. The Government has not filed a response to either the Motion or the addendum. The matter is fully submitted.

    On May 14, 2001, Defendant was convicted by a jury of: (1) conspiracy to manufacture methamphetamine; (2) manufacturing methamphetamine; (3) possession of pseudoephedrine with intent to manufacture methamphetamine; (4) endangering human life in manufacturing methamphetamine; (5) manufacturing methamphetamine within 1000 feet of a playground; (6) possession of methamphetamine; and (7) possession of a firearm by a felon. Clerk's Nos. 69, 70. At Defendant's sentencing on November 29, 2001, the Court determined that Defendant's total offense level was 35, his criminal history was Category IV, and his sentencing range was 235–293 months. Clerk's No. 104. Bound by the then-mandatory sentencing guideline range, the Court sentenced Defendant to 235 months incarceration, to be followed by a six year term of

supervised release.[1] *Id.* Clerk's No. 104.

Defendant requests that the Court reduce his sentence pursuant to 28 U.S.C. § 3582(c)(2) or, alternatively, pursuant to § 3582(c)(1)(B). Section 3582(c) provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
> . . .
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant specifically makes the following argument: (1) because his sentence was imposed prior to the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court had no power to sentence Defendant below the bottom of the calculated guidelines range; (2) the 235 month guideline sentence imposed was, thus, a *de facto* mandatory minimum term of imprisonment; (3) since *Booker* made the Guidelines advisory rather than mandatory, Defendant's sentencing range has essentially "been lowered" such that the Court has the

---

[1] Defendant contends that in imposing sentence, the undersigned indicated that a sentence of 235 months "was still too much" and that "a lesser sentence was warranted, but was discouraged or prohibited under the then mandatory guidelines." Def.'s Mot. at 3. Although not relevant to the present decision, the Court notes that its comments at sentencing were actually as follows: "I think 235 months is a long enough sentence given the offense conduct in this case. In fact, some would argue that it's too long. That's the reason the Court has selected the low end of the guidelines." Clerk's No. 107 at 31.

authority to reduce Defendant's sentence to one below the calculated guideline range based on 18 U.S.C. § 3553(a) factors. Def.'s Mot. at 1–4.

The Court lacks authority to reduce Defendant's sentence pursuant to § 3582(c)(2). The statute explicitly provides authority for a sentence modification *only* where a defendant's "sentencing range . . . has . . . been lowered *by the Sentencing Commission* pursuant to 28 U.S.C. § 904(o)." (emphasis added). Defendant's Guideline sentencing range, however, has not been lowered by the Sentencing Commission; indeed, were he sentenced today, he would still be subject to a sentencing range of 235–293 months.[2] *See* U.S.S.G. § 1B1.10(a)(2) (stating that a § 3582(c)(2) reduction is not authorized if none of the amendments referenced in § 1B1.10(c) are applicable to Defendant or if none of the amendments have the effect of lowering the defendant's applicable guideline range); *Dillon v. United States*, 560 U.S. 817, 826–28 (2010) (holding that "proceedings under [§ 3582(c)] do not implicate the interests identified in *Booker*" because the statute "does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modification of a term of imprisonment' by giving the courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission. It is also notable that the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission."); *United States v. Starks*, 551 F.3d 839, 842 (8th Cir. 2009) ("Although the guidelines must be treated as advisory in an original

---

[2] The Court found Defendant responsible for 108 grams of actual methamphetamine, which equated to a Base Offense Level of 32 under the Guidelines in effect at the time of Defendant's sentencing. Clerk's No. 107 (Sentencing Tr.) at 24. The Court additionally applied a three level enhancement under U.S.S.G. § 2D1.10, resulting in a total adjusted offense level of 35. *Id.* at 25. Both provisions would result in the same adjusted offense level of 35 under the current Guidelines. *See* U.S.S.G. §§ 2D1.1(c)(4), 2D1.10 (2013).

sentencing proceeding, neither the Sixth Amendment nor *Booker* prevents Congress from incorporating a guidelines provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." (referencing U.S.S.G. § 1B1.10)); *see also United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("[E]ven if *Booker* could be read to be an implicit lowering of Price's sentencing range, § 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range. We therefore agree . . . that *Booker* does not provide a basis for a sentence reduction under § 3582(c)."). Because *Booker* is inapplicable to sentence modifications under § 3582 generally, Defendant's alternative argument that he is entitled to relief from an unconstitutional sentence under § 3582(c)(1)(B) is also rejected. [3]

For the reasons stated herein, Defendant's Motion to reduce sentence (Clerk's No. 195) is DENIED.

IT IS SO ORDERED.

Dated this _14th_ day of May, 2014.

*[signature: Robert W. Pratt]*
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

---

[3] Because Defendant is not entitled to a § 3582 sentence modification at all, it is not necessary to address Defendant's claim that the Court should consider his post-sentencing rehabilitation in fashioning a modified sentence. Def.'s Mot. at 2 (citing *Pepper v. United States*, 131 S. Ct. 1229 (2011)). In any event, *Pepper* would be inapplicable to a sentencing modification pursuant to § 3582(c) because that statute "does not authorize a sentencing or resentencing proceeding," *Dillon*, 560 U.S. at 825, whereas *Pepper* permits consideration of post-sentencing rehabiliation only "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing." 131 S. Ct. at 1241.